**WEN KUI ZHANG, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,[1] Respondent.**

**No. 08–0895–ag.**

United States Court of Appeals, Second Circuit.

March 12, 2009.

Liu Yu, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Anh–Thu P. Mai–Windle, Senior Litigation Counsel; Ann M. Welhaf, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondents.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER, and Hon. ROBERT D. SACK, Circuit Judges.

## *SUMMARY ORDER*

Wen Kui Zhang, a native and citizen of the People's Republic of China, seeks review of a February 5, 2008 order of the BIA, affirming the June 15, 2006 decision

his asserted fear of loan sharks, we deem any such challenge waived. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

of Immigration Judge ("IJ") Sarah Burr, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Kui Zhang,* No. A98 595 881 (B.I.A. Feb. 5, 2008), *aff'g* No. A98 595 881 (Immig. Ct. N.Y. City June 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA does not expressly "adopt" the IJ's decision, but its opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard; *see Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 168 (2d Cir.2008); *Matter of J–Y–C–,* 24 I. & N. Dec. 260, 265 (BIA 2007).

We conclude that substantial evidence supports the agency's adverse credibility determination. The agency reasonably relied on inconsistencies between Zhang's household registry and his testimony, *see* 8 U.S.C. § 1158(b)(1)(B)(iii), and a reasonable factfinder would not be compelled to accept Zhang's explanation for the inconsistency, *see Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

In addition, it was not error for the agency to find that Zhang's lack of corroborating evidence reflected adversely on his credibility. The agency properly found

Zhang had not provided sufficient corroboration by "identify[ing] the particular pieces of missing, relevant documentation" and by relying on substantial evidence in the record to find that "the documentation at issue was reasonably available." *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003).

Finally, the agency did not err in finding implausible Zhang's testimony that despite his wife being in hiding and moving almost weekly, family planning officials had located and attempted to detain his wife every three months, but she had evaded them because she had not been at home each time. This implausibility is "tethered" to specific evidence in the record, namely, the absence of any of these near-misses from his wife's letter in support of his claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Wensheng Yan v. Mukasey,* 509 F.3d 63, 67 (2d Cir.2007). As a result, the agency did not err in finding such testimony implausible.

Because substantial evidence supports the adverse credibility determination, the agency's denial of Zhang's application for asylum, withholding of removal, and relief under the CAT was not in error. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal.